**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**VINCENT FAUSTINO RIVERA,**

    **Plaintiff,**

vs.                                            **CASE NO.: 4:05cv34-WS/WCS**

**PFIZER, INC., et al.,**

    **Defendants.**

_____/

## SECOND REPORT AND RECOMMENDATION

This cause is before the Court upon Plaintiff's filing of a successive notice of appeal with a request to grant Plaintiff a "NOA/COA." Doc. 30. This was a civil case and a certificate of appealability is not applicable, as Plaintiff has already been repeatedly advised. Docs. 19, 21, and 26.

Plaintiff Vincent Faustino Rivera, is a frequent filer in the federal court system, and has had more than three cases dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff is not entitled to *in forma pauperis* status, a fact Plaintiff knows all too well. This case was closed in March, 2005, because Plaintiff did not pay the filing fee for this case, nor has he paid his judicial debt in full to this District, a sanction previously imposed. Plaintiff's abuse of the judicial system continues with his repeated filings of successive motions and requests. This practice cannot be permitted to

continue.  Plaintiff has already maliciously filed multiple notices of appeal and motions for reconsideration in this case.  Docs. 9, 14, 17, 18, 20, 22, 23, 28, and 30.  His two previous attempted appeals in this case have already been dismissed by the Eleventh Circuit.  Docs. 15, 27.  This appeal is frivolous, just as his previous filings in this case have been.  Enough is enough.

To discourage Plaintiff's continued filings in cases which have been closed,[1] and because Plaintiff's filings are frivolous and malicious, it is recommended that more severe sanctions be imposed upon Plaintiff.  Having previously been sanctioned for disregarding court orders, continuing to file motions to proceed *in forma pauperis*, and failing to disclose prior cases, *see, e.g.,* case number 4:00cv236-WS/WCS, doc. 5, Plaintiff was sanctioned $150.00 and directed to pay "his judicial debt in full" before filing any additional civil lawsuits.  *Id.*  Plaintiff has not paid his debt to this Court and, thus, he continues to disregard court orders and abuse the judicial process.  His actions are vexatious and malicious.  Because Plaintiff presumably has no funds with which to pay these monetary sanctions, those sanctions have had little effect on Plaintiff.  Therefore, it is time to impose a more severe sanction which, even if ignored by Plaintiff, will not cause this Court to be burdened with Plaintiff's frivolous submissions. The amount of time spend on preparing orders in closed cases prevents justice from being carried out in other cases.  Accordingly, as a more severe sanction, it is recommended that Plaintiff be barred from filing *any* document or future lawsuit in the Northern District of Florida unless it is signed by a licensed attorney who is permitted to practice in this District.  This sanction is in addition to the prior sanctions which require Plaintiff to pay his judicial

---

[1] This is not the first time Plaintiff has continued to submit documents to the Court in cases which are closed.  Plaintiff's history before this Court is well known.

debt to this District *in full* prior to filing any further cases, whether or not Plaintiff is in danger of imminent danger. Should Plaintiff attempt to submit any documents in the future without an attorney's signature, the documents should be returned to Plaintiff without filing and without the need for a future court order.

It is therefore, respectfully **RECOMMENDED** that: (1) Plaintiff's successive notice of appeal and simultaneous request for a certificate of appealability, doc. 30, be **DENIED as frivolous and malicious**; (2) that the Clerk of Court be directed to return any documents that Plaintiff attempts to file in this case in the future without the need for a court order; (3) that Plaintiff continue to be barred from filing any additional civil lawsuits in this district until he has paid his judicial debt in full on prior cases; and (4) that Plaintiff be prohibited from filing any documents in the future in this or other cases without the document being signed by a licensed attorney who is permitted to practice in this District.

**IN CHAMBERS** at Tallahassee, Florida, on November 8, 2005.


      s/     William C. Sherrill, Jr.  
**WILLIAM C. SHERRILL, JR.**  
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**